Battle, J.
Burglary is defined to be “ the breaking- and entering- the dwelling-house of another, in the night time, with intent to commit a felony therein;" Arch. Cr. Pl. 251; 4 Bl. Com. 224; 3 Inst. 63. With regard to that part of the definition, which relates to the breaking and entering, it was held •anciently', that if a man entered into the dwelling-house by *191 an open door, in the night, and stole goods therein, it was sufficient to constitute burglary ; see Cro. Car. 65, 265 ; Crompt. 32 a; 27 Assise 38. But it soon after became the settled law, that an entry by an open door or window, or any hole in the wall or roof of the house, was not a burglarious entry; 1 Hale’s Pl. Cr. 552; Rel. 67 — 70. Lord Hale says, that “it was held by Manwood, Chief Baron, that if a thief goes down a chimney to steal, this is a breaking and entering; Crompt. fol. 32 b ; and hereunto agrees Mr. Dalton, p. 253 ;” 1 Hale’s Pl. Cr. ubi supra. The reason of this, he says, seems to be that the chimney is as much shut as the nature of the thing will admit. All the elementary writers’of any note, from that day down to the present, lay down the law in the same way, and assign the same reason for it; see 1 Hawk. Pl. Cr. Book, 1 ch. 17, p. 131; 2 East’s Pl. Cr. 485 ; 3 Chit. Crim. Law, 1106 ; 2 Rus. on Cr. 3 ; 4 Bl. Com. 226 ; Roscoe’s Cr. Ev. 256 ; Archibald’s Cr. Pl. 258 a; Wharton’s Cr. Law, 1543. The same rule in the year 1821, received the sanction of all the Judges in England ; see Rex v. Brice, Russ and Ryan Cr. Cas. 450. The prisoner was convicted of Burglary, for entering, in the night time, the chimney of a dwelling-house, with an intent to steal goods in the house. He was detected and apprehended before he had come down the chimney, lower than a place just above the mantle piece, and the question, whether he had broken and entered the house, was reserved for the opinion of all the Judges. Ten of them, including the three chiefs, held the conviction to be right, and the other two dissented, only because they thought that the prisoner could not be said to have broken and entered the dwelling until he was below the chimney piece. From this, we must necessarily infer that, had he descended below it, these two Judges would have concurred in the propriety of the conviction. So, in this State, it has been held that an entry by a chimney is a burglarious breaking; State v. Boon, 13 Ire. Rep. 246. In all this long and strong array of great authorities, not,a word is said about the height, size, or quality of the chimney; and it seems to a majority of the Court, that any attempt to make a *192 distinction between the different kinds of chimneys, will be attended with great difficulty, and lead to much uncertainty and confusion. Where will the dividing line be drawn ? If the entry through a chimney in a certain state of decay, and only five feet ánd a half high, is not a burglarious one, in how much better condition and how much higher must it be, before the lav/ will recognise it as a protection against nocturnal invaders? This is a question more easily to be asked, than, to be successfully answered. We are unwilling to undertake the task of answering it, and are content to hold that the chimney, as described in the bill of exceptions, was such an one as could not be entered by a thief in the night time, without committing the crime of burglary.